UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ADAM GESBERG, KALEM SHISHIDO,     No. 2:08-cv-02428-MCE-CMK
individually and on behalf of
all persons similarly situated,

        Plaintiffs,

   v.                         <u>ORDER</u>

LINKUS ENTERPRISES, INC., and
DOES 1-20, inclusive,

        Defendants.

----oo0oo----

Presently before the Court is the parties' Joint Motion for Approval of Settlement with Named Plaintiffs and Dismissal of Class Allegations. This Court hereby orders this action dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a).[1]

///
///

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 78-230(h).

1

**BACKGROUND**

Plaintiff, Adam Gesberg, individually and on behalf of all others similarly situated, originally filed this action in Shasta County Superior Court on May 8, 2008. On September 29, 2008, Plaintiff, Kalem Shishido, joined the suit and Plaintiffs filed a First Amended Complaint ("FAC"). Thereafter, on October 13, 2008, Defendant removed the case to this Court.

Through the FAC, Plaintiffs seek compensation for, *inter alia*, Defendant's alleged failure to pay wages, including overtime, failure to provide meal and rest breaks, and failure to reimburse business expenses incurred. No class has yet been certified.

This instant case is related to the matter of <u>Gabe Wright et al. v. LinkUs Enterprises, Inc.</u>, 2:07-cv-01347-MCE-CMK, a case filed on July 7, 2007, and encompassing the same proposed class and the same Defendant. A proposed settlement is currently pending in that action.

Accordingly, in light of the duplicity of current litigation, the named parties to the <u>Gesberg</u> suit now request the following:

1) Approval of a Settlement Agreement as to the named Plaintiffs;
2) Approval of the payment of attorneys' fees to Michael Cogan as set forth in the Settlement Agreement and as set forth in the Declaration of Michael Cogan in support thereof;

///

| | | |
|---|---|---|
| 1 | 3) | A finding that the Class will not be prejudiced by the |
| 2 | | dismissal of the class allegations; |
| 3 | 4) | A finding that the named Plaintiffs have not benefitted |
| 4 | | at the expense of the class; |
| 5 | 5) | A finding that this settlement is not subject to the |
| 6 | | notice requirements of Federal Rule of Civil Procedure |
| 7 | | 23(e); |
| 8 | 6) | Dismissal of the entire action with prejudice as to the |
| 9 | | named Plaintiffs; and |
| 10 | 7) | Dismissal of the class allegations. |

**ANALYSIS**

The parties filed their instant Motion pursuant to Federal Rule of Civil Procedure 23(e), which previously stated, "A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs." The Ninth Circuit interpreted that former version of Rule 23 to apply even prior to class certification. Diaz v. Trust Territory of the Pacific Islands, 876 F.2d 1401, 1408 (9th Cir. 1989). Accordingly, the parties filed their Joint Motion pursuant to the requirements of Diaz and its progeny.

///
///
///
///
///

However, Rule 23(e) currently provides that "[t]he claims, issues, or defenses of a <u>certified</u> class may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. Pro. 23(e) (emphasis added). According to the Advisory Committee's Notes, the 2003 amendment to the Rule "resolve[d] the ambiguity in former Rule 23(e)'s reference to dismissal or compromise of 'a class action.' That language could be -- and at times was -- read to require court approval of settlements with putative class representatives that resolved only individual claims. The new rule requires approval only if the claims, issues, or defenses of a <u>certified</u> class are resolved by a settlement, voluntary dismissal, or compromise." Fed. R. Civ. Pro. 23, Advisory Committee's notes (2003 amendment) (emphasis added). Similarly, "notice is not required when the settlement binds only the individual class representatives." <u>Id</u>. Thus, because no class has been certified in this case, Rule 23 does not mandate either Court approval of the instant settlement or notice to putative class members. See <u>Buller v. Owner Operator Independent Driver Risk Retention Group, Inc.</u>, 461 F. Supp. 2d 757 (S.D. Ill. 2006).

This Court will instead construe the parties' request as a Motion for Voluntary Dismissal under Federal Rule of Civil Procedure 41(a). Accordingly, in light of the instant Motion and the settlement agreement signed and submitted by all parties, this case is dismissed with prejudice.

///
///
///

4

This dismissal is binding only on the named Plaintiffs, who have at all times remained the only parties to this action.  The Clerk of the Court is directed to close the file.

IT IS SO ORDERED.

Dated: March 27, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE